UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

YURI LILLARD, )
   Plaintiff, )
  )
vs. ) No. 15-2258
  )
RANDALL BRINEGAR and )
SANDRA LAWLESS, )
   Defendants )

MERIT REVIEW ORDER

     This cause is before the Court for merit review of the Plaintiff's complaint and consideration of Plaintiff's motion to supplement his complaint.[4]  The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The Plaintiff, a pro se prisoner, alleges Vermilion County States Attorney Randall Brinegar and Assistant States Attorney Sandra Lawless violated his constitutional rights. The Plaintiff says he was arrested on April 19, 2015, charged with Aggravated Battery with a Firearm, and a Public Defender was appointed to represent him.  Plaintiff was unable to post bail, so he remained in custody until his case was set for trial on July 6, 2015.  However, on the day of trial the Defendants requested a motion to continue which was granted.

     Plaintiff again remained in custody until the date of his second trial on August 3, 2015.  Again the Defendants asked for a continuance which was granted by the Court.  The Plaintiff

1

filed a demand for a speedy trial and Defendants asked the state court judge to release Plaintiff on his own recognizance. Plaintiff was released and the trial was reset to October 26, 2015.

Plaintiff states he was ready for trial on each date the trial was set and all delays were attributable to the Defendants. "At issue in the instant case is whether (plaintiff's) constitutional and statutory right to a speedy trial was violated by continuing my trial to October 26, 2015 (191 days) after my arrest on the charge, and (180 days) after the (plaintiff) demanded trial at my preliminary hearing." (Comp., p. 6). Plaintiff alleges his case was ultimately dismissed when the state court judge found the State's Attorney had violated his right to a speedy trial. (Comp, p. 7).

Plaintiff is now asking for damages because he claims the Defendants violated both his due process rights and his Eighth Amendment rights due to the "pain and suffering I endured during my time incarcerated." (Comp., p. 6, 7).

There are several problems with Plaintiff's complaint. First, a prosecutor is entitled to absolute immunity, and therefore immune from suit, for all actions he or she takes while performing their function as an advocate for the Government. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Based on the factual allegations in Plaintiff's complaint, both Defendants Brinegar and Lawless were acting within the scope of their duties when they requested continuances. *See Vaughn v. Scherschlight*, 2015 WL 4778262, at *2 (C.D.Ill. Aug. 13, 2015)(prosecutors were acting within scope of their duties and immune from suit on allegation plaintiff was denied right to speedy trial); *Logan v. Laterzo*, 24 Fed.Appx. 579, 581(7th Cir. 2001)(prosecutors immune from suit based on claim they delayed trial by misrepresenting the record); *Smith v. McCann*, 381 F.Supp. 1027, 1028-29 (E.D.Wis. Aug. 21, 1974) (prosecutors immune from monetary liability in lawsuit alleging violation of right to speedy trial).

In addition, Plaintiff has failed to articulate a constitutional violation based on the facts alleged. "The Sixth Amendment right to a speedy trial reflects a concern for lengthy incarcerations that result in anxiety and limit a defendant's ability to mount a defense." *U.S. ex rel. Aleman v. Circuit Court of Cook County*, 967 F.Supp. 1022, 1029 (N.D.Ill. May 5, 1997) *citing United States v. Ewell,* 383 U.S. 116, 120 (1966). The Court must consider four factors to determine whether a delay violates an individual's constitutional right to a speedy trial or due process rights including "the length of the delay; the reason for the delay; the defendant's assertion of his right; and prejudice to the defendant. " *S. ex rel. Pruitt v. Page*, 2000 WL 1706711, at *3 (N.D.Ill. Nov.14, 2000) *citing Barker v. Wingo,* 407 U.S. 514, 530 (1972). However, unless there was a "presumptively prejudicial" delay, the Court need not consider the other factors, and most Courts do not find prejudice until the delay approaches one year. *Barker,* 407 U.S. at 530; *Doggett v. United States,* 505 U.S. 647, 652 FN. 1 (1992); *U.S. v. Oriedo*, 498 F.3d 593, 597 (7th Cir. 2007).

In this case, Plaintiff alleges he waited nearly six months for a trial, only three and a half months of which was spent in custody. Therefore, the Court cannot find the length of delay was prejudicial. *Pruitt,* 2000 WL 1706711 at *3(" the court cannot find that a delay of 176 days was presumptively prejudicial); *Schreiber v. Columbia County, Wis.*, 2003 WL 23211629, at *2 (W.D.Wis. May 8, 2003)(delay of five months is not unreasonable); *see also United States v. Ashford,* 924 F.2d 1416, 1421 (7th Cir.1991) (finding eighteen-month delay to be presumptively prejudicial and explaining that "[w]e have in the past held that delays of as little as twelve months are presumptively prejudicial"). Furthermore, Plaintiff admits his case was dismissed. Therefore, "it is difficult for (Plaintiff) to argue that he was prejudiced when the issue of the

fairness of his trial became moot when his case was dismissed." *Schreiber,* 2003 WL 23211629 at *2.

Plaintiff has also failed to allege an Eighth Amendment violation based only on his three month incarceration awaiting trial. First, since Plaintiff was a pretrial detainee, his claims would be analyzed under the Due Process Clause, rather than the Eighth Amendment's prohibition against cruel and unusual punishments. *Bell v. Wolfish*, 441 U.S. 520 (1979). Second, Plaintiff has not articulated a basis for a constitutional violation other than his alleged denial of the right to a speedy trial which the Court has already considered.

Finally, to the extent Plaintiff intended to bring an additional claim based on a violation of the state statute, "it is well-established that a violation of state law, by itself, is not a sufficient basis for a claim under 42 U.S.C. § 1983." *Roth v. Lundell*, 2005 WL 1046494, at *5 (W.D.Wis. May 4, 2005)(addressing speedy trial claim) c*iting J.H. ex rel. Higgin v. Johnson,* 346 F.3d 788, 793 (7th Cir.2003); *Tierney v. Vahle,* 304 F.3d 734, 741 (7th Cir.2002).

The Plaintiff has also filed a motion for leave to amend his complaint stating his original complaint named a "Jane Doe" defendant. [4]. Plaintiff says he has "determined that the name of the Jane Doe defendant (State of Illinois)." [4]. First, the Plaintiff's original complaint does not identify a Jane Doe defendant. Second, the Plaintiff has not clearly stated whether he is asking to add the State of Illinois or some other individual as a Defendant. Third, even though a name has not clearly been provided, Plaintiff has not indicated how the new defendant is involved in his claims. Fourth, the Court does not allow piecemeal amendments. Most importantly, Plaintiff has failed to articulate a constitutional violation and his proposed amendment is futile. *See J.D. Marshall Int'l, Inc. v. Redstart, Inc., 935 F.2d 815, 819 (7th Cir. 1991) citing Foman v. Davis*,

4

371 U.S. 178, 182 (1962)(court may deny leave to amend based on undue delay, dilatory motive, repeated failure to cure deficiencies, or when amendment is futile).

**IT IS THEREFORE ORDERED that:**

1) The Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A. Plaintiff's motion for leave to amend is also denied as the proposed amendment is futile.[4] This case is closed.

2) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

3) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 23rd day of May, 2016.

s/ James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE